O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK ARMANDO MORALES,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | Case No. 5:26-cv-03463-KES<br><br>ORDER GRANTING THE PETITION AND ORDERING A BOND HEARING PURSUANT TO 8 U.S.C. § 1226(a) WITHIN SEVEN DAYS |

## I.      INTRODUCTION

Erick Armando Morales ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging his detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  The parties have consented to the jurisdiction of the Magistrate Judge.  (Dkt. 8.)  The Petition is granted and Respondents are directed to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order.

## II.     PROCEDURAL HISTORY

Petitioner, represented by counsel, filed the present Petition on June 23, 2026. (Dkt. 1.)  The Petition raises the following claims:

1

Ground 1: Petitioner alleges that Respondents unlawfully denied him a bond hearing under the mandatory detention provision of 8 U.S.C. § 1225(b)(2), when he is entitled to one under § 1226(a). (Id. at 7.) In other words, Petitioner alleges that he is a member of the Bond Eligible Class certified in Maldonado Bautista.[1]

Ground 2: Petitioner alleges that, by subjecting him to mandatory detention "without a bond redetermination hearing to determine whether he is a flight risk or danger to others," Respondents have violated his right to procedural due process. (Id.)

The Petition seeks the release of Petitioner or, alternatively, a bond hearing within seven days. (Id. at 8.)

On July 7, 2026, Respondents answered the Petition. ("Answer" at Dkt. 10.) Respondents admit that "Petitioner appears to be a member of the Bond Eligible Class certified in Maldonado Bautista …." (Id. at 2.) They argue:

> While Petitioner seeks immediate release or alternatively a bond hearing, to the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a). Accordingly, Respondents acknowledge that Petitioner's claim in this action appears to be subject to the Bautista judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it. To the extent a bond hearing is ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days.

(Id. at 2-3.)

## III.   DISCUSSION

Both of Petitioner's claims allege harm arising from Respondents' failure to provide him with a bond hearing under § 1226(a). Respondents do not dispute that

---

[1] Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), appeal filed, Bautista v. DHS, No. 25-7958 (9th Cir.).

Petitioner is entitled to such a hearing.  Thus, Petitioner is entitled to relief because, as Respondents admit, he is a member of the Bond Eligible Class certified in Maldonado Bautista.

However, the parties disagree on the proper remedy.  Petitioner seeks immediate release and a bond hearing in the alternative.  Respondents, on the other hand, oppose release.  The Court finds that the proper remedy for Petitioner's claims is an individualized bond hearing, not release from custody.  See, e.g., Rathi v. Warden of Desert View Annex Det. Facility, No. 5:26-cv-01174-WLH-AYP, 2026 WL 795298, 2026 U.S. Dist. LEXIS 61360 (C.D. Cal. Mar. 18, 2026). Accordingly, Petitioner's request for a bond hearing is granted as unopposed.

**IV.   CONCLUSION**

IT IS THEREFORE ORDERED that:

1.   The Petition is granted.

2.   Respondents are enjoined from continuing to detain Erick Armando Morales (A# 246-546-336) unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order.

3.   In the event that Respondents fail to timely provide such a hearing, the Court orders Petitioner's immediate release from custody.[2]

DATED:  July 9, 2026

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent Petitioner seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), Petitioner's counsel would need to file a post-judgment motion that complies with 28 U.S.C. § 2412(d)(1)(B).